**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **RAFAEL ALBERTO FLORES,** ) | | |
| **ID # 26574-064,** ) | | |
| Movant, ) | **No. 3:13-CV-5046-O (BH)** | |
| vs. ) | **No. 3:09-CR-0121-O (01)** | |
| ) | | |
| **UNITED STATES OF AMERICA,** ) | | |
| Respondent. ) | **Referred to U.S. Magistrate Judge** | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the motion to vacate, set aside, or correct his sentence should be transferred to the Fifth Circuit as a successive motion.

**I. BACKGROUND**

Rafael Alberto Flores ("Movant"), an inmate in the federal prison system, filed a *Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* ("Motion"), that was received on December 26, 2013. He contends that his trial attorney was ineffective.

On December 16, 2010, Movant pled guilty pursuant to a plea agreement to conspiracy to distribute and possess with intent to distribute a controlled substance. (*See* docs. 5, 168, 169, 173).[1] He was sentenced on March 24, 2011, to 72 months imprisonment, followed by a five-year term of supervised release. (doc. 192). Movant did not appeal his conviction and sentence.

On September 13, 2011, Movant filed a *Motion Requesting an Opportunity as a Relief on*

---

[1] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:09-CR-121-O-1.

*Sentence Using N.A.R.A.* (doc. 199). On September 15, 2011, the Court issued an order giving Movant notice that based on the nature of his claims in the motion, it was properly construed as arising under § 2255. The order warned if the consequences of characterization of the motion as arising under § 2255, and it provided him an opportunity to either withdraw the motion or to file an amended § 2255 motion on the correct form that raised any additional grounds for relief under § 2255 claims within 30 days. (doc. 202). Movant filed an amended § 2255 motion to vacate, and it was summarily dismissed with prejudice on February 27, 2012. *See Flores v. United States*, No. 3:11-CV-2410-O (N.D. Tex. Feb. 27, 2012).[2]

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

Here, Movant's prior § 2255 motion was denied on its merits. A subsequent § 2255 motion to vacate is considered second or successive when it: "1) raises a claim challenging the [defendant's] conviction or sentence that was or could have been raised in an earlier [motion to vacate]; or 2) otherwise constitutes an abuse of the writ." *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Under *Orozco-Ramirez,*

---

[2] Subsequently, on June 21, 2013, Movant also unsuccessfully moved to compel the government to file a Rule 35(b) motion to reduce his sentence. (docs. 211, 213).

2

Movant was required to present all available claims related to his conviction or sentence in his first motion to vacate. This "requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court." 211 F.3d at 870-71 (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)).

Movant now challenges the same conviction as in his prior § 2255 motion. Prior to filing his prior motion, he was given notice and warning as required by *Castro v. United States*, 540 U.S. 375 (2003), that characterization of his motion as arising under § 2255 would subject him to the restrictions on second or successive motions. He was given an opportunity to withdraw his motion or to file an amended § 2255 motion that raised all claims he believed were available under that statute. Because he now raises claims that he could have raised in that earlier motion, this action is successive within the meaning of § 2255. *See United States v. Johnson*, 303 Fed. App'x 241 (5th Cir. Dec. 18, 2008) (affirming a district court's dismissal as a successive writ a motion seeking a reduction of sentence under 18 U.S.C. § 3742 where the movant had already filed a § 2255 motion).

When a motion to vacate is second or successive, the movant must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider it. *See* 28 U.S.C. § 2244(b)(3)(A) (made applicable to motions to vacate by § 2255). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by

clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2).

Because the Fifth Circuit has not issued an order authorizing this Court to consider a successive § 2255 motion, it lacks jurisdiction.

### III. RECOMMENDATION

The motion to vacate filed under 28 U.S.C. § 2255 should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

**SIGNED this 3rd day of January, 2014.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4